1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9

10   GREGORY S. LEWIS,                    Case No.  25-cv-00869-RS
                    Plaintiff,
11
12          v.                            **ORDER GRANTING DEFENDANTS'
                                          MOTION TO DISMISS**
13   SF BAY AREA RAPID TRANSIT
     DISTRICT (BART), et al.,
14                  Defendants.

15                              **I. INTRODUCTION**

16          Pro se Plaintiff Gregory S. Lewis brings this employment discrimination suit against

17   Defendants San Francisco Bay Area Rapid Transit District ("BART") and its employees Trent

18   Alvarado and Ana Alvarado. He contends Defendants violated the Americans with Disabilities

19   Act (ADA), Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in

20   Employment Act of 1967 (ADEA), the Genetic Information Nondiscrimination Act (GINA), and

21   the Fair Labor Standards Act (FLSA). He seeks compensatory and punitive damages.

22          Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

23   12(b)(6), asserting (1) the ADA and Title VII do not authorize individual capacity liability and so

24   the claims against the individual defendants fail, and (2) Plaintiff failed to allege facts sufficient to

25   support ADEA, GINA, FLSA, and ADA discrimination claims against BART. Defendants also

26   move under Fed. R. Civ. P. 12(f) to strike Plaintiff's prayer for punitive damages against BART

27   because it is a public entity. In opposition to Defendant's motion, Plaintiff voluntarily dismisses

28   his claims against the individual defendants and requests leave to amend.

United States District Court
Northern District of California

The motion to dismiss is granted. Plaintiff's request for leave to amend is granted, excepting his ADA and Title VII claims against Trevor Alvarado and Ana Alvarado. Claims brought under the ADA and Title VII against these individual defendants are dismissed with prejudice.

## II. BACKGROUND[1]

Plaintiff is a BART electrician currently on unprotected leave. On May 5, 2023, Plaintiff asserts he requested and received intermittent leave under the Family Medical Leave Act of 1993 for recurring back and leg pain. On August 2, 2023, he requested full-time leave under the FMLA. On February 1, 2023, Plaintiff emailed BART Human Resources Representative Ana Alvarado that he was cleared to resume work on February 12, 2023. On February 6, 2023, Plaintiff emailed Ana Alvarado a list of physical restrictions and limitations from his doctor.

On February 10, 2023, Plaintiff emailed BART's Acting Superintendent of Power Mechanical to confirm that he could return to work. Plaintiff was placed on the work schedule that evening but alleges this was a scheduling mistake. On February 12, 2023, the Acting Superintendent of Power Mechanical instructed Plaintiff to confirm with human resources that he could resume work. However, that same day, Ana Alvarado emailed Plaintiff that the Acting Superintendent of Power Mechanical stated that they could not accommodate him. In her email, Alvarado scheduled an interactive process meeting with Plaintiff for February 21, 2023.

On February 15, 2023, Plaintiff responded to Ana Alvarado, stating he could have completed the work assignment that he mistakenly received on February 10, 2023. Plaintiff provided a list of tasks in the work assignment schedule and explained he could perform them without violating his medical restrictions and limitations. Plaintiff additionally stated he planned to file an ADA complaint. On February 19, 2023, Plaintiff emailed Ana Alvarado again and attached a list of 515 job tasks he believed he could perform even with his restrictions and

---

[1] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint as true.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-00869-RS

2

1    limitations. Plaintiff contends, without factual support, that these tasks constitute the essential

2    duties for a BART electrician.

3         On February 20, 2023, Ana Alvarado informed Plaintiff that his department determined

4    these 515 job tasks were not the kinds of tasks a BART electrician must perform on a daily basis.

5    Plaintiff countered this finding, arguing that BART electricians must perform monthly, quarterly,

6    and annual maintenance. He then filed a disability discrimination and retaliation complaint on

7    February 27, 2024, with BART's Civil Rights Equal Employment Opportunity Unit.

8         The following day, Plaintiff attended an interactive accommodation process meeting with

9    Ana Alvarado. During the meeting, Ana Alvarado did not inquire about Plaintiff's capabilities or

10   the essential task list he had provided. Instead, she gave Plaintiff 90 days to find a job within

11   BART, retire, voluntarily quit, or accept "medical separation," meaning the termination of

12   employment where the employee is unfit to perform the essential functions of his position.

13        Plaintiff was unable to find a new job within BART by June 13, 2024. He communicated

14   this to Ana Alvarado via email that day and stated that he would not voluntarily quit. Alvarado

15   responded that his 90-day job search would end on June 30, 2024. Alvarado then set his deadline

16   to notify BART of his plan for July 24, 2024. On July 17, 2024, Plaintiff emailed Alvarado a list

17   of 1,700 tasks he believed were essential and that he could complete. In response, Alvarado stated

18   Plaintiff must be able to complete all essential tasks, not just those he listed.

19        Plaintiff emailed Alvarado of his decision to proceed with medical separation by the July

20   24, 2024, deadline. Alvarado did not respond until August 27, 2024. In her responsive email,

21   Alvarado shared that she passed Plaintiff's file to the Absence Management Unit and that the Unit

22   would be in touch. Plaintiff alleges the Unit did not contact him. On October 30, 2024, Plaintiff

23   received a right to sue letter from the Oakland Equal Employment Opportunity Commission

24   ("EEOC").

25        On January 27, 2025, Plaintiff filed this suit. Plaintiff appears to allege a single claim for

26   relief—failure to provide a reasonable accommodation under the ADA. However, he lists five

27   statutes in the Complaint's case caption: (1) ADA, (2) Title VII, (3) FLSA, (4) GINA, and (5)

28

United States District Court
Northern District of California

1  ADEA. Plaintiff names BART, Ana Alvarado, and Trent Alvarado as the defendants. He seeks

2  compensatory and punitive damages.

3      On May 12, 2025, Defendants filed this motion to dismiss the Complaint pursuant to Fed.

4  R. Civ. P. 12(b)(6). In his opposition to Defendant's motion, Plaintiff agrees to dismiss Ana

5  Alvarado and Trent Alvarado in their individual capacities. Plaintiff also requests leave to amend

6  his complaint, stating he was not sure whether he wanted to allege violations under ADEA, GINA,

7  and FLSA.

8                            **III. LEGAL STANDARD**

9      A complaint must contain a short and plain statement of the claim showing the pleader is

10  entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a

11  complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its

12  face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S.

13  544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported

14  by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

15      Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal

16  theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG*

17  *Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal

18  quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual

19  allegations in the complaint as true and construe the pleadings in the light most favorable to the

20  nonmoving party." *Knievel v. ESPN, 393 F.3d 1068, 1072* (9th Cir. 2005).

21                            **IV. DISCUSSION**

22      Defendants move to dismiss Plaintiff's ADEA, GINA, FLSA and ADA claims. Defendants

23  also move to strike Plaintiff's claim for punitive damages. As a threshold matter, Plaintiff includes

24  factual allegations in his Opposition to the Motion to Dismiss that were not included in his

25  Complaint. These new allegations are not considered. A Rule 12(b)(6) motion to dismiss addresses

26  the four corners of a complaint, not newly raised allegations or evidence. *See Schneider v.*

27  *California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("The 'new' allegations contained

28

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-00869-RS

1  in the [plaintiff's] opposition motion, however, are irrelevant for Rule 12(b)(6) purposes. In

2  determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint

3  to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to

4  dismiss."). Should Plaintiff wish to include any of the new allegations in his Complaint, he must

5  amend his Complaint.

6  **A. Liability of Defendants Ana Alvarado and Trent Alvarado**

7  Plaintiff names BART, Ana Alvarado, and Trent Alvarado as separate defendants in the

8  Complaint. Defendants contend Plaintiff cannot hold Defendants Ana Alvarado and Trent

9  Alvarado individually liable under Title VII and ADA. Plaintiff states he will voluntarily dismiss

10  the individual defendants, but in any case, Defendant is correct. *See Ortez v. Washington County*,

11  88 F.3d 804, 808 (9th Cir. 1996) (affirming the dismissal of Title VII claims against employees in

12  their individual capacities); *Walsh v. Nevada Dep't of Human Res.*, 471 F.3d 1033, 1038 (9th Cir.

13  2006) (finding that the bar on individual employee liability extends to ADA claims). Defendant's

14  motion to dismiss with prejudice is granted as to these individual defendants.

15  **B. Punitive Damages Prayer**

16  Defendants move to strike Plaintiff's request for punitive damages, arguing this prayer is

17  impermissible because the ADA and Title VII bar recovery of punitive damages from a

18  "government, government agency or political subdivision." 42 U.S.C. § 1981a(b)(1).

19  BART is a government agency. *See, e.g.*, *George v. Bay Area Rapid Transit*, 577 F.3d

20  1005, 1007 (9th Cir. 2009) (recognizing BART as such). Courts regularly acknowledge the

21  statutory bar on punitive damages against such government employers under ADA and Title VII.

22  *See, e.g.*, *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) (confirming bar on punitive damages

23  against public entities). Accordingly, Defendant's request to strike Plaintiff's prayer for punitive

24  damages is granted.

25  **C. ADEA, GINA, and FLSA Claims**

26  Plaintiff lists the ADEA, GINA, and FLSA in the case caption of his Complaint, but the

27  body of his filing does not mention these statutes at all. In his opposition, Plaintiff concedes that

28

1    "any mention of or references to ADEA, GINA, and FLSA may not have been intentional." Dkt.

2    23 at ¶ 2. Defendants argue that these claims must be dismissed because Plaintiff offers nothing

3    "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

4    Defendant is correct.

5         Fed. R. Civ. Pro. 8(a)(2) requires "a short and plain statement of the claim showing that the

6    pleader is entitled to relief." This statement "give[s] the defendant fair notice of what the . . . .

7    claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (quoting *Conley v.*

8    *Gibson*, 355 U.S. 41, 47 (1957)). Here, Plaintiff has alleged no facts to support any claims under

9    these statutes. To the extent they are alleged at all, Plaintiff's ADEA, GINA, and FLSA claims are

10   dismissed without prejudice.

11   **D.  ADA Claim**

12        Defendants contend Plaintiff's ADA claim fails because he has not plausibly alleged a

13   disability, nor has he alleged that he qualifies for a reasonable accommodation under the statutory

14   definition. Both arguments are correct.

15            i.  **ADA Disability**

16        To establish a basis for relief under the ADA Plaintiff must first plausibly allege a

17   "disability," and more specifically, an impairment "*substantially* limited one or more major life

18   activities." 42 U.S.C. § 12102(2)(A). Plaintiff has not met this standard.

19        The ADA defines a "disability" as "a physical or mental impairment that substantially

20   limits one or more major life activities of [the] individual." *Id*. Major life activities include lifting,

21   bending, communicating, standing, walking, and performing manual tasks. *Id.* at § 12102(2)(A).

22   Whether Plaintiff's impairment constitutes a substantial limitation depends on its "condition,

23   manner, or duration." 29 C.F.R. § 1630.2(4). Relevant facts point to the "difficulty, effort, or time

24   required to perform a major life activity; pain experienced when performing a major life activity;

25   the length of time a major life activity can be performed; and/or the way an impairment affects the

26   operation of a major bodily function." *Id*. § 1630.2(4)(ii). Plaintiff need not allege that his

27   impairment has "permanent or long-term effects." *See Shields v. Credit One Bank, N.A.*, 32 F.4th

28

ORDER GRANTING MOTION TO DISMISS
CASE NO.  25-cv-00869-RS

6

United States District Court
Northern District of California

1218, 1224 (9th Cir. 2022). However, if Plaintiff's impairment lasts less than six months, Plaintiff must plausibly allege that his impairment is "sufficiently severe." *Id*. at 1225. Here, he failed to do so. Plaintiff merely alleged "recurring back and leg pain," but no additional facts to specify the condition, manner, or duration of his impairment. Therefore, Plaintiff has failed to state a claim under the ADA.

ii. **Failure to Accommodate**

Defendants additionally point out Plaintiff has failed plausibly to allege he is a "qualified individual" under the ADA. Defendants first claim that Plaintiff's task list does not show that Plaintiff may perform the "essential duties of an electrician."

Plaintiff's does not allege facts showing that he is a "qualified" individual. Under the ADA, failure to provide a reasonable accommodation is a discriminatory act if: (1) "the employee is a 'qualified individual,' (2) the employer receives adequate notice, and (3) a reasonable accommodation is available that would not place an undue hardship on the operation of the employer's business." *Snapp v. United Transportation Union*, 889 F.3d 1088, 1095 (9th Cir. 2018) (citing 42 U.S.C. § 12112(b)(5)(A)).

A "qualified individual with a disability," is a person "able to perform the essential functions of the job with or without reasonable accommodation." *Dark v. Curry Cnty.*, 451 F.3d 1078, 1086 (9th Cir. 2006); *see also* 29 C.F.R. § 1630.2(m)). An essential function is "fundamental" and "does not include marginal functions of the position." 29 C.F.R. § 1630.2(n)(1). Evidence that a function is essential includes "written job descriptions", "[t]he amount of time spent on the job performing the function", "[t]he terms of a collective bargaining agreement", "[t]he work experience of past incumbents in the job", and more. *Id*. § 1630.2(n)(3). \

Plaintiff provides two task lists of responsibilities he alleges he could perform. Dkt. 1 at ¶¶ 10, 22. However, he does not allege how or why these tasks are fundamental or essential to his position. Without additional facts to support that these tasks indeed constitute "essential functions," Plaintiff's allegation is merely a conclusory statement. His lists alone are not sufficient plausibly to allege he may perform the "fundamental job duties" of a BART electrician. *See Iqbal*,

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-00869-RS

7

1    556 U.S. at 678 ("recitals of . . . . mere conclusory statements, do not suffice" to state a facially

2    plausible claim for relief).

3         Still, Plaintiff alleges some facts supporting a failure to accommodate. The Ninth Circuit

4    requires an employer to engage an employee who requests an accommodation in a good faith

5    interactive accommodation process. *Snapp*, 889 F.3d at 1095 (9th Cir. 2018) (citing *Barnett v.*

6    *U.S. Air, Inc.*, 228 F.3d 1105, 1115 (9th Cir. 2000)). Good faith engagement in the interactive

7    accommodation process requires the employer to analyze and identify "essential and nonessential"

8    job tasks. *See Barnett*, 228 F.3d at 1115 (citing 29 C.F.R. Pt. 1630, App. § 1630.9). To identify

9    obstacles to job performance, the employer must work with the employee to "discover the precise

10   limitations and the types of accommodations which would be most effective. The evaluation of

11   proposed accommodations requires further dialogue and an assessment of the effectiveness of each

12   accommodation, in terms of enabling the employee to successfully perform the job." *Id.*

13        Here, Plaintiff contends that Ana Alvarado neglected to discuss tasks Plaintiff could

14   perform during his interactive process meeting. Dkt. 1 at ¶ 13. Instead, Plaintiff alleges that Ana

15   Alvarado focused on the "[j]ob [s]earch, [r]etirement, [v]oluntary [q]uitting, or a medical

16   separation." *Id*. Plaintiff further contends that he was unable to find another job and that Alvarado

17   was difficult to contact during and after the 90-day interactive process period. *Id*. at ¶¶ 20 & 27–

18   31. In turn, Plaintiff raises the plausible inference that he navigated this process with little support.

19   *Barnett*, 228 F.3d at 1114–1115 (finding it crucial that both sides "communicate directly,

20   exchange essential information and neither side . . . . delay[s] or obstruct[s] the process.").

21   However, because there is no "stand-alone" interactive process claim, Plaintiff must first plead

22   that he "qualifies" under the ADA before he may allege problems with the interactive process. *See*

23   *Snapp*, 889 F.3d 1095 (discrimination is the outcome of "denying an available and reasonable

24   accommodation."). For the reasons discussed above, he has not done so. Accordingly, Defendant's

25   motion to dismiss Plaintiff's failure to accommodate claim is granted, but Plaintiff will be

26   permitted to amend his complaint.

27

28

### V. CONCLUSION

For the foregoing reasons, the motion to dismiss is granted. Plaintiff's ADA and Title VII claims against individual Defendants Ana Alvarado and Trent Alvarado are dismissed with prejudice. Plaintiff's other claims are dismissed without prejudice. Plaintiff's prayer for punitive damages is stricken. Should Plaintiff wish to amend his Complaint to address the deficiencies identified in this Order, the amended complaint must be filed within 30 days of this Order.

**IT IS SO ORDERED**.

Dated: June 27, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-00869-RS

9