UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY S. LEWIS,

    Plaintiff,

v.

SF BAY AREA RAPID TRANSIST DISTRICT (BART),

    Defendant.

Case No. 25-cv-00869-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION

Pro se Plaintiff Gregory S. Lewis brings this employment discrimination suit against the San Francisco Bay Area Rapid Transit (BART).[1] He contends Defendant violated the Americans with Disabilities Act (ADA), the California Fair Employment and Housing Act (FEHA) and, the Rehabilitation Act (29 U.S.C. § 794) and wrongfully terminated or constructively discharged him in violation of California common law. He seeks declaratory relief that Plaintiff's rights under the ADA were violated, injunctive relief barring the discriminatory conduct, reinstatement of his position or a comparable position, and compensatory damages.

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) the claims (1) against parties erroneously included in the cover page of Plaintiff's First Amended Complaint and

---

[1] The Office of the General Counsel for San Francisco BART and its attorneys Sam N. Dawood and Simran Mahal Fail were included as defendants in the First Amended Complaint in error. *See* Dkt. 38, Notice of Errata. Defendant acknowledges this Notice of Errata. *See* Dkt. 41, Defendant's Reply, at 2 n.1.

(2) for Wrongful Termination/Constructive Discharge because Plaintiff states he is still employed by BART. The claims are dismissed with leave to amend. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 18, 2025 is vacated.

## II. BACKGROUND[2]

The First Amended Complaint (FAC) states Plaintiff is an Electrician currently employed by San Francisco BART. In May 2023 Plaintiff requested and received intermittent leave under the Family Medical Leave Act of 1993 for recurring back and leg pain and numbness. His leave began in June 2023 and was scheduled to end February 12, 2024.

Plaintiff has physical restrictions and limitations related to his medical conditions including no repetitive bending, lifting, or twisting; no lifting more than twenty pounds; no use of ladders over ten feet; no single leg balancing; no walking long distances over uneven, slopped, gravel, or wet ground; and no walking long flights of stairs. Plaintiff asserts he still can perform essential job functions and no-cost accommodations exist such as mobile lifts, use of escalators and elevators, and work assignment on high rail transportation sites rather than underground sites.

On February 2, 2024 Plaintiff emailed BART Human Resources Representative Ana Alvarado that he was cleared to resume work on February 12, 2024. Between February 6, 2023 and February 19, 2024 Plaintiff, Alvarado, and others at BART with whom Plaintiff worked exchanged a series of emails regarding Plaintiff's physical medical restrictions and limitations; his department's position that they could not accommodate the restrictions and limitations; Plaintiff's suggested no-cost accommodations; and Plaintiff's position that he could perform essential job functions of a BART Electrician without accommodation—including a list of over 500 examples of those job functions. Plaintiff repeatedly expressed that he could return to work in some capacity. No resolution was reached, and Alvarado indicated an interactive process meeting would

---

[2] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint as true.

be the next step.

On February 27, 2024 Plaintiff filed a disability discrimination complaint with BART's Civil Rights Equal Employment Opportunity Unit. The following day, Plaintiff attended an interactive accommodation process meeting with Alvarado. Plaintiff asserts the meeting was not held in good faith and believes if a good faith interactive process meeting had occurred, they may have been able to reach an agreement about a reasonable accommodation such as moving Plaintiff to day or swing shifts from the graveyard shift, which he asserts has more stringent essential job functions.

On March 29, 2024 BART's Civil Rights Equal Employment Opportunity Unit informed Plaintiff that they found no disability discrimination. According to Plaintiff, the leave program manager explained to the unit that, while there was enough work that Plaintiff could do to fill forty hours, he could not be accommodated still because his restrictions and limitations prevent him from being able to do the essential job functions of a BART Electrician.

On April 18, 2024 Plaintiff filed an ADA Discrimination claim with the U.S. Equal Opportunity Commission in Oakland, California. By June 13, 2024 Plaintiff was unable to find a new job within BART. He communicated this to Alvarado via email that day and stated that he would not quit voluntarily. Alvarado responded that his 90-day job search would end on June 30, 2024. On July 2, 2024 Plaintiff received an email from Alvarado that his remaining options were disability retirement, service retirement, voluntary quitting, or return to work, which required medical documentation showing need for full release of work duties or functional work restrictions that can be accommodated. Medical separation was not included as an option.

Plaintiff and Alvarado exchanged a series of emails between July 12, 2024 and August 27, 2024. Plaintiff continued to explain his ability to perform essential job functions to which Alvarado maintained that Plaintiff needed to be able to perform at a minimum the essential job functions of a BART Electrician, including functions contrary to his restrictions and limitations. On July 24, 2024 Plaintiff emailed Alvarado seeking a medical separation since the period for an interactive process for reasonable accommodation was ending. On August 27, 2024, Alvarado

shared that she had passed Plaintiff's file to the Absence Management Unit and that the unit would be in touch. Alvarado also repeated Plaintiff's options: disability/service retirement, voluntary resignation, or return to work but not medical separation. Plaintiff alleges the Absence Management Unit never contacted him.

On October 30, 2024 Plaintiff received a right to sue letter from the Oakland Equal Employment Opportunity Commission. On January 27, 2025 Plaintiff filed his first complaint in this suit for failure to provide a reasonable accommodation under the ADA against BART, Ana Alvarado, and Trent Alvarado seeking compensatory and punitive damages. The original complaint also referenced Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), Genetic Information Nondiscrimination Act (GINA), and the Fair Labor Standards Act (FLSA). Plaintiff, however, conceded that references to ADEA, GINA, and FLSA may not have been warranted. *See* Dkt. 23 ¶ 2.

On May 12, 2025 the defendants to the original complaint moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6) and to strike Plaintiff's prayer for punitive damages against BART under Federal Rule of Civil Procedure 12(f). Plaintiff indicated a willingness to dismiss the claims against the individual defendants and opposed the motion as to the rest, seeking leave to amend. On June 27, 2025 the motions to dismiss the original complaint and to strike Plaintiff's prayer for punitive damages were granted. Plaintiff's request for leave to amend was granted, excepting his ADA and Title VII claims against individual defendants Ana Alvarado and Trent Alvarado.

On July 26, 2025 Plaintiff filed his FAC for disability discrimination under the ADA, FEHA, and the Rehab Act; failure to accommodate under the ADA, FEHA, and the Rehab Act; failure to engage in interactive process under the ADA and FEHA; and Wrongful Termination or Constructive Discharge. The caption included an error, per Plaintiff's own admission and Notice of Errata, listing Office of the General Counsel San Francisco BART and its attorneys Sam N. Dawood and Simran Mahal Fail as defendants. In the FAC itself Plaintiff named himself as Plaintiff and BART as Defendant. FAC ¶¶ 5, 6. On August 11, 2025 Defendant filed a Motion to

Dismiss the FAC.

## III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Where a complaint is brought by pro se plaintiffs, the court is obligated to evaluate the claims liberally. *See Hebbe v. Pillar*, 627 F.3d 338, 342 (9th Cir. 2010).

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996). When the "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097–98 (9th Cir.2002)).

## IV. DISCUSSION

### A. Claims against the Office of General Counsel, Sam Darwood, and Simran Mahal.

Including the Office of the General Counsel, Sam Dawood, and Simran Mahal as defendants was apparently typographical error, *see* Dkt. 38, so the claims against them are dismissed. These parties do not appear anywhere in the FAC except for the caption, FAC, ¶¶ 1-59, and in "the absence of sufficient facts alleged," the claims against them must be dismissed. *See UMG Recordings, Inc.*, 718 F.3d at 1014.

### B. Claims for Wrongful Termination/Constructive Discharge

Movants point out two insufficiencies in Plaintiff's Wrongful Termination/Constructive Discharge claim: failure to identify an authorizing statute under which Plaintiff sues BART, a governmental entity, and that Plaintiff asserts he is employed by BART. FAC ¶ 2. The latter alone is enough to satisfy the standard for a motion to dismiss as to this claim. As an individual still employed by BART, Plaintiff has not been terminated nor driven to quit, necessary elements for wrongful termination and constructive discharge respectively. *See Garcia-Brower v. Premier Automotive Imports of CA, LLC*, 269 Cal. Rptr. 3d 856, 865 (Cal. App. 1st Dist. 2020); *Turner v. Anheuser-Busch, Inc.*, 876 P.2d 1022, 1031 (Cal. 1994). *See also Wagner v. Sanders Assocs., Inc.*, 638 F. Supp. 742, 745 (C.D. Cal. 1986) ("The undisputed fact that he remained in his new position for several months before resigning goes a long way toward destroying his assertion that the transfer created an intolerable situation."). Accordingly, Plaintiff's claim for Wrongful Termination/Constructive Discharge is not plausible on its face, and the claim is dismissed. *See Ashcroft v. Iqbal*, 556 U.S. at 678. As amendment is not evidently futile, leave to amend is granted. *See Dumas v. Kipp,* 90 F.3d at 393.[3]

## V. CONCLUSION

The claims against (1) the Office of the General Counsel San Francisco BART, Sam Dawood, and Simran Mahal and (2) for Wrongful Termination/Constructive Discharge are

---

[3] Although Plaintiff states in the FAC he is employed by BART, he also seeks reinstatement of his position. FAC ¶¶ 2, 58.

ORDER GRANTING MOTION TO DISMISS
CASE NO. 25-cv-00869-RS

6

dismissed with leave to amend by October 13, 2025. Plaintiff, proceeding pro se, is advised that he may wish to seek assistance from the Federal Pro Bono Project's Legal Help Center, which may be able to help connect him to an attorney who may be able to provide basic legal help, but not legal representation. The Center may be reached by calling (415) 782-8982 or emailing FedPro@sfbar.org.

**IT IS SO ORDERED**.

Dated:  September 12, 2025

RICHARD SEEBORG
Chief United States District Judge