UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GREGORY S. LEWIS,

    Plaintiff,

v.

SF BAY AREA RAPID TRANSIST DISTRICT (BART),

    Defendant.

Case No. 25-cv-00869-RS

**ORDER GRANTING MOTION TO DISMISS**

## I. INTRODUCTION[1]

Plaintiff is a former employee of Defendant. He brings various employment discrimination claims against Defendant, including a tort claim for wrongful termination/constructive discharge. Defendant moves to dismiss this tort claim based on the rule that a California public entity's tort liability must be authorized by statute. For the reasons set forth below, Defendant's motion is granted.[2]

## II. BACKGROUND

Pro se Plaintiff Gregory S. Lewis brings this employment discrimination suit against his former employer the San Francisco Bay Area Rapid Transit District ("BART"). He contends Defendant violated the Americans with Disabilities Act ("ADA"), the California Fair Employment

---

[1] Unless otherwise stated, this order accepts well-pled factual allegations made in the complaint as true.

[2] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for January 15, 2026 is vacated.

and Housing Act ("FEHA"), and the Rehabilitation Act (29 U.S.C. § 794) and wrongfully terminated or constructively discharged him in violation of California common law. He seeks declaratory relief that Plaintiff's rights under the ADA were violated, injunctive relief barring the discriminatory conduct, reinstatement of his position or a comparable position, and compensatory damages.

In August 2025, Defendant moved to dismiss all the claims against three parties erroneously[3] named in the first amended complaint ("FAC") as well as Plaintiff's fourth claim for wrongful termination/constructive discharge. *See* Dkt. 36. The erroneously included defendants were not mentioned in the allegations in the FAC, and the FAC included the unsupported averment that Plaintiff was still employed by BART. Accordingly, this court granted Defendant's motion to dismiss the FAC with leave to amend. *See* Dkt. 44. The court, however, did not address Defendant's additional argument, made again here, that Plaintiff's wrongful termination/ constructive discharge claim was deficient not only because Plaintiff alleged he was still employed by BART but also because he failed to identify an authorizing statute for that claim, as discussed below. Plaintiff was invited at that time to seek assistance from the Federal Pro Bono Project's Legal Help Center.

In October 2025, Plaintiff filed a second amended complaint ("SAC"). Plaintiff's SAC made only a few changes to the FAC. Since the allegations in the SAC are otherwise substantially similar to those in the FAC[4] and were discussed in this court's prior order, *see* Dkt. 44, they are not repeated here.

In the SAC, Plaintiff newly alleges he was "*formerly* employed by BART as an

---

[3] The Office of the General Counsel for San Francisco BART and its attorneys Sam N. Dawood and Simran Mahal Fail were included as defendants in the FAC in error. *See* Dkt. 38, Notice of Errata.

[4] Plaintiff also added allegations which ultimately have no effect on the sufficiency of his claims. To make clear the court considered those other changes, they are summarized here: new allegations that BART ignored details Plaintiff provided regarding his ability to perform essential job functions, *see* Dkt. 45 ¶¶ 33-34, 47, as well as certain additional support for Plaintiff's fourth claim for wrongful termination/constructive discharge.

Electrician[.]" *Compare* Dkt. 45 ¶ 5 (emphasis added), *with* Dkt. 31 ¶ 5. The change, indicating that Plaintiff is a *former* BART employee, cures the deficiency regarding Plaintiff's wrongful termination/constructive discharge claim identified in the prior motion to dismiss, *see* Dkt. 36, and court order granting that motion, *see* Dkt. 44, but does not address Defendant's other argument, which is repeated in their present motion to dismiss.

In that motion, Defendant moves to dismiss and, in the alternative, strike one of Plaintiff's four claims, the wrongful termination/constructive discharge claim. Defendant argues Plaintiff has no statutory basis to plead such a claim against a California public agency such as BART. Defendant also seeks an award of costs.

### III. LEGAL STANDARD

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief, Fed. R. Civ. P. 8(a), and "giv[ing] the defendant fair notice of what the… claim is and the grounds upon which it rests," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted). When evaluating such a motion, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Where a complaint is brought by pro se plaintiffs, the court is obligated to evaluate the claims liberally. *See Hebbe v. Pillar*, 627 F.3d 338, 342 (9th Cir. 2010).

In dismissing a complaint, leave to amend must be granted unless it is clear the complaint's deficiencies cannot be cured by amendment. *Lucas v. Dep't of Corrections,* 66 F.3d

245, 248 (9th Cir.1995). When amendment would be futile, however, dismissal may be ordered with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir.1996). When the "plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'" *Zucco Partners LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir.2009) (quoting *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097–98 (9th Cir.2002)).

## IV. DISCUSSION

In California, a governmental entity can be sued in tort only pursuant to an authorizing statute or enactment. *Van Ort v. Estate of Stanewich,* 92 F.3d 831, 840 (9th Cir. 1996) (citing *Lopez v. Southern Cal. Rapid Transit Dist.,* 40 Cal.3d 780, 710 P.2d 907, 909 n. 2 (1985)). *See also Miklosy v. Regents of Univ. of California*, 44 Cal. 4th 876, 899, 188 P.3d 629, 643 (2008) ("[O]ur own decisions confirm that [the Government Claims Act] abolishes common law tort liability for public entities."). BART is a public entity, and, despite Plaintiff's arguments, his fourth claim for wrongful termination/constructive discharge is a tort.

Plaintiff argues in his Opposition that his "Fourth Cause of Action: Wrongful Termination / Constructive Discharge," Dkt. 45, "does not assert a *common-law wrongful termination* claim" but rather "completes the ADA and FEHA violations." Dkt. 51 at 2. This argument is not persuasive. In the SAC, Plaintiff's wrongful termination/constructive discharge claim makes no reference or citation to the ADA or FEHA whereas his first, second, and third claims do. *See* Dkt. 45. Further the cases cited by Plaintiff in the SAC in support of his wrongful termination/ constructive discharge claim are tort-based suits or invoked by Plaintiff for "demonstrat[ing]…constructive discharge," a *tort*. *See* Dkt. 45 ¶ 67-73 (citing *Lopez,* 40 Cal.3d (1985); *Brady v. Elixir Indus.*, 196 Cal. App. 3d 1299, 1302, 242 Cal. Rptr. 324, 325 (Ct. App. 1987); *Zilmer v. Carnation Co.*, 215 Cal. App. 3d 29, 35, 263 Cal. Rptr. 422, 425 (Ct. App. 1989), *modified* (Nov. 8, 1989); *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251, 876 P.2d 1022, 1030 (1994); *Garcia-Brower v. Premier Auto. Imports of CA, LLC*, 55 Cal. App. 5th 961, 269 Cal. Rptr. 3d 856 (2020) (a California Labor Code case invoked by Plaintiff nonetheless for its support

of the tort asserted by Plaintiff)). Accordingly, the fourth claim is a tort claim.

Since the fourth claim is a tort claim against a California public entity, Plaintiff must identify an authorizing statute that permits him to assert a claim for wrongful termination/ constructive discharge against BART. Since Plaintiff has not, his wrongful termination/ constructive discharge claim is insufficient.

## V. CONCLUSION

Defendant's motion to dismiss Plaintiff's wrongful termination/constructive discharge claim is granted without further leave to amend, and the motion to strike is denied as moot.

**IT IS SO ORDERED**.

Dated: January 6, 2026

_____
RICHARD SEEBORG
Chief United States District Judge